UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH M. LAFSER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14CV1071 TIA |
| ) | |
| D & R ENTERPRISE, LLC d/b/a ) | |
| D & R ENTERPRISES, LLC, ) | |
| RONEN GRINSTEIN and CARRIE WHITE, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss Count II and Plaintiff Kenneth Lafser Memorandum in Opposition (ECF No. 17)) and Defendants filed a Reply (Docket No. 18) thereto. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## **Background**

Plaintiff Kenneth M. Lafser ("Lafser") filed this action in the Circuit Court of St. Charles County alleging negligence (Count I) and breach of contract (Count II), stemming from a fire at 3409 Foxton Court, St. Charles, Missouri ("Premises"). According to the Petition for Damages, Plaintiff was the owner of the Premises. (Petition for Damages ¶ 6, ECF No. 1-3). Prior to August 27, 2013, Defendants Ronen Grinstein and Carrie White and Plaintiff Kenneth Lafser entered into a Lease Agreement to rent the Premises from March 1, 2013 through February 28, 2014. (Id. at ¶ 7). On August 27, 2013, Defendants D & R Grinstein, Grinstein, and/or White had guests, visitors, invitees and/or employees staying at the Premises. (Id. at ¶ 8). Defendants and their guests, visitors, invitees, or employees were known to have smoked on that day at the

Premises and were in exclusive control of the Premises when the fire originated. As a result of the fire, Lafser suffered severe and extensive damage to the Premises in the amount of $450,000.00. ( Id. at ¶ 13).

On June 10, 2014, Defendants filed a Notice of Removal. (ECF No. 1). Thereafter, Defendants filed a Motion to Dismiss, asserting that Count II should be dismissed because Plaintiff failed to state a claim upon which relief may be granted.

### **Standard for Ruling on a Motion to Dismiss**

A complaint must be dismissed under Federal Rule 12(b)(6) for failure to state a claim upon which relief can be granted if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007) (abrogating the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). While the Court cautioned that the holding does not require a heightened fact pleading of specifics, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Id. This standard simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the claim. Id. at 556.

Courts must liberally construe the complaint in the light most favorable to the plaintiff and accept the factual allegations as true. See Id. at 555; see also Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (stating that in a motion to dismiss, courts accept as true all factual allegations in the complaint); Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008) (explaining that courts should liberally construe the complaint in the light most

favorable to the plaintiff). Further a court should not dismiss the complaint simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Twombly, 550 U.S. at 556. However, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." Benton v. Merrill Lynch & Co., 524 F.3d 866, 870 (8th Cir. 2008) (citation omitted). Further, courts "'are not bound to accept as true a legal conclusion couched as a factual allegation.'" Ashcroft v. Iqbal, ___ U.S. ___ , 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. Legal conclusions must be supported by factual allegations to survive a motion to dismiss. Id.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of complaint's factual allegations); Scheuer V. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely."). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id.. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.").

"Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

## Discussion

Defendants argue that none of the provisions of the Lease required them to pay for the repairs caused by the fire.

The Lease, which is attached to the Petition as Exhibit A, provided the following:

12. Liability and Indemnity Landlord shall not be liable to Tenant, Tenant's guests or other occupants or persons on the premises for personal injury, property damage or other losses to such persons or their property caused by theft, burglary, assault, other crimes, fire, water, ice, wind, rain, smoke, or any other cause. Furthermore, Tenant agrees to indemnity and hold Landlord free and harmless from any and all liability for injury to or death of any person, or for damage of property arising from the use and occupancy of the premises by Tenant or from the act or omission of any person or persons, including Tenant in or about the leased premises with due express or implied consent of Tenant and personal liability insurance. (See Section 14). Landlord shall have no duty to furnish smoke detectors, except as required by law, however, if furnished, Tenant is responsible for keeping them operational by furnishing batteries. (See Section 14).

\*\*\*

13. MULTIPLE TENANTS: Each Tenant is jointly and individually liable for all obligations and sums due under the lease agreement. A lease violation by one tenant is a violation by all Tenants. Notice by Landlord to any adult Tenant is notice to all Tenants.

\*\*\*

14. RESPONSIBILITIES OF TENANT:

\*\*\*

Obtain personal liability insurance and, if desired, personal household contents insurance.

\*\*\*

> Be responsible for any other cost incurred by Landlord (repairs or otherwise) resulting from accident or negligence of Tenant or Tenant's invitees or guests.

\*\*\*

> 20. INSPECTION OF PROPERTY Tenant acknowledges having inspected said property prior to the execution of this lease and finds the same to be in good, safe, and clean condition and repair except as may be otherwise noted. Tenant further agrees to keep said property in as good and clean condition and repair as when so inspected and when first occupied, and will keep said property free from any debris, trash and filth, and will not do anything to create a danger of fire or cause on increase in insurance rates or to cause a cancellation of insurance. Upon the expiration of this lease or its termination, Tenant will surrender possession of the leased property (including any Landlord owned personal property) in as good, clean and safe condition has been made and that no promise to decorate, alter, repair or improve the property has been made except what has been set forth herein. Before executing this agreement, Tenant should contact law enforcement officials for information pertaining to whether registered sex offenders or other convicted criminals reside in the area. If Tenant is not satisfied with such information, Tenant should not lease this property.

This case is at the motion to dismiss, not the summary judgment, stage. Plaintiff need not prove his case but merely plead sufficient facts to raise a right to relief above the speculative level. Twombly, 550 U.S. at 555. A complaint fails to state a claim under Rule 12(b)(6) if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Id. at 570. Here, the petition sets forth various provisions of the Lease agreement providing a basis for a breach of contract claim and contains ample detail to show the plausibility of the allegations.. The Court finds that the short and plain statement is sufficient to give Defendants proper notice and that, once the parties conduct discovery, the record may or may not show Defendants' negligent acts caused the fire thereby breaching the lease agreement and making them liable for the damages to the Premises caused by the fire.[1] Therefore, the Court will not grant Defendants'

---

[1] In support, Defendants cite to Mobil Oil Credit Corp. v. DST Realty, Inc., 689 S.W.2d 658 (Mo. Ct. App. 1985) wherein the sole issue was, "where a commercial lease is silent, which

Motion to Dismiss Count II.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Count II (ECF No. 9) is **DENIED.**

       /s/ Terry I. Adelman  
       UNITED STATES MAGISTRATE JUDGE

Dated this   11th   day of March, 2015.

---

party is to pay for newly discovered latent and substantial repairs, structural in nature, the landlord or the tenant?" The case is inapposite to the issue presented in the instant action involving a residential lease and damages allegedly caused by Defendants' acts. Moreover, as the Mobil case also points out, the rule stated therein does not apply unless the repair becomes necessary through no fault of the tenant. Id.